(109 App. Div. 209.)

### HOCH v. BRAXMAR.

(Supreme Court, Appellate Division, Second Department. November 24, 1905.)

1. CONTRACTS—CONSIDERATION.

Plaintiff agreed to buy land from defendant subject to a mortgage, but later refused to do so because a building restriction was contained in the deed to defendant, whereon defendant agreed by written contract that if plaintiff would accept a deed he would secure an extension of time on the mortgage as a further consideration. *Held*, that the agreement was supported by a valid consideration.

2. DAMAGES—MEASURE—BREACH OF CONTRACT.

Where defendant sold land to plaintiff subject to a mortgage, and agreed as part of the consideration that he would secure an extension of time on the mortgage, the measure of damages for breach of the agreement was the expense incident to obtaining another loan to pay the mortgage, including the expense for examination of title, drawing bond, mortgage, etc., and recording fees.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Simon Hoch against Charles G. Braxmar. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Jacob W. Kahn, for appellant.
J. J. Bennett, for respondent.

HOOKER, J. The parties entered into an agreement, the defendant to sell and the plaintiff to purchase certain real estate, against which there was outstanding a first mortgage of $3,000. The defendant agreed to convey the absolute fee, subject, however, to that mortgage. When the time came to close the sale, the plaintiff refused to perform because of a certain restriction upon building which was found to exist in the conveyances to the defendant. At the solicitation of the defendant, however, he agreed to take title and pay the purchase price, on the defendant's promise to obtain an extension in the time of payment of the mortgage. That promise was reduced to writing in these words:

"As part of the consideration for closing title to premises 847 Gates Ave., Bor. of Bklyn, I agree to obtain for Simon Hoch an extension of the first mortgage of $3,000 on said premises for three years and to forward such extension to said Hoch.

"Dated March 1st, 1904.                    C. G. Braxmar."

The complaint is for damages because of the defendant's breach of the contract. Proof of the facts just recited was offered, and it was established that because of defendant's failure to obtain the extension the plaintiff was compelled to and did obtain another mortgage, with whose proceeds he paid off and discharged the mortgage of $3,000 mentioned in the agreement, and that the reasonable cost and expense thereof was $53.87. At the conclusion of this proof, the complaint was dismissed, and the plaintiff appeals.

The judgment must be reversed. The agreement to obtain an extension of the $3,000 mortgage was valid, and supported by abundant consideration. The measure of damages the plaintiff contended for was proper. It must have been within the reasonable contemplation of the parties at the time of making the contract that if the defendant failed to procure the extension of the mortgage, and the plaintiff could not then pay it without obtaining another loan in its place, he would be put to the expense incident to obtaining the money on another mortgage. The expense of searching and passing upon the title, of drawing the bond and mortgage and satisfaction, and of recording instruments incident to the transaction, flowed directly from and were made necessary by the breach of defendant's contract.

The judgment must be reversed, and a new trial ordered; costs to abide the event. All concur.

(109 App. Div. 170.)

CASSASA v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. November 24, 1905.)

1. CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE.

2. SAME—DAMAGES.

Where, in a suit for injuries to plaintiff's clothing by the upsetting of a dining tray over the same, plaintiff claimed that three garments, a coat, waist, and skirt valued at $150, were ruined, but admitted that the coat was not damaged, a finding in her favor for $150 was excessive by the amount of the value of the coat.

Appeal from Municipal Court, Borough of Queens, First District.

