[No. 17700.  Department Two.  April 9, 1923.]

## C. C. CULP et al., Respondents, v. WESTERN LOAN & BUILDING COMPANY, Appellant.[1]

DAMAGES (76)—MEASURE OF DAMAGES—BREACH OF CONTRACT—FAILURE TO MAKE LOAN. The measure of damages for the breach of a building and loan association's agreement to make a loan includes such items of expense as commissions, title insurance, notaries, postage and attorney's fees as were the natural consequences of the breach, and is not limited to the difference in interest which the borrower would have had to pay.

Appeal from a judgment of the superior court for Franklin county, Simpson, J., entered August 25, 1922, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Driscoll & Horrigan,* for appellant.

*Chas. W. Johnson,* for respondents.

PEMBERTON, J.—Respondents, C. C. Culp and Althea M. Culp, his wife, the owners of certain real estate near Port Orchard on which there was a past due mortgage, made an application to appellant for a mortgage loan upon said property in the amount of $4,000 to pay off the former mortgage.

In order to secure the loan respondents paid appellant $99.60 for fifty-four shares of stock of the appellant company and $10 for the examination of the abstract. After agreeing to make the loan and forwarding the money for that purpose to one of the local banks, appellant withdrew the funds and refused to complete the loan in question and retained the money paid for the stock and for the examination of the abstract. Respondents asked damages for breach of the contract to complete the loan, and secured a verdict in

[1]Reported in 214 Pac. 145.

the amount of $460.80. Upon motion for a new trial, the trial court reduced the amount of recovery to $287.10, eliminating all of the items of damages with the exception of the actual expenses paid by respondents in securing another loan upon the property in question, the expenses being allowed including commissions for securing the loan, title insurance, notaries' fees, postage and attorney's fees.

Appellant contends that the measure of damages is the difference between the interest rate charged by appellant and the rate respondents were required to pay by reason of the failure of appellant to make the loan, relying upon the case of *McGee v. Wineholt*, 23 Wash. 748, 63 Pac. 571, wherein the court said:

"Taking the testimony in its most favorable light, it shows no damages directly resulting from the breach of the contract on the part of the appellant, other than that the respondents were compelled to pay a higher rate of interest on two hundred dollars for the time between the execution of the note to appellant and the time it fell due than they would have been compelled to pay had the appellant advanced to them the full amount of the loan agreed upon. This sum was capable of mathematical demonstration, and the jury should have been confined to it, as the measure of damages, . . ."

This general rule, however, has some exceptions, the court holding in the case of *Graham v. McCoy*, 17 Wash. 63, 48 Pac. 780, 49 Pac. 235, as follows:

"While conceding that the general principles controlling the measure of damages are as maintained by respondent, they cannot control in this case. It is true that the measure of damages for failure to repay money when due, or ordinarily to furnish money for any purpose, is legal interest, but always, if any special damages accrue, they may be the subject of compensation."

". . . the presence of special circumstances which are in the contemplation of the parties may impose a liability, in which case the damages will be measured by the actual loss sustained, . . ." 17 C. J. 865.

"Where defendants sold land to plaintiff subject to a mortgage, and agreed as part of the consideration that he would secure an extension of time on the mortgage, the measure of damages for breach of the agreement was the expense incident to obtaining another loan to pay the mortgage, including the expense for examination of title, drawing bond, mortgage, etc., and recording fees. *Hoch v. Braxmar,* 109 App. Div. 209, 95 N. Y. S. 647." 17 C. J. 865.

"While the recovery is often limited to nominal damages, special damages may be recovered where the money is to be used for a particular purpose which is known at the time to the party agreeing to make the loan, provided, of course, that such damages are not speculative or remote." 8 R. C. L. 464.

The court instructed the jury as follows:

"They (respondents) may recover the costs and expenses actually incurred in securing said loan in such an amount as they were required to and did pay over and above what they would have had to pay had the defendant carried out its agreement."

We are satisfied that respondents are entitled to damages for the various items allowed by the trial court as special damages, all of which were the natural consequence of the breach of the contract on the part of appellant.

The judgment of the trial court will be affirmed.

MAIN, C. J., TOLMAN, and BRIDGES, JJ., concur.