[No. 23523.   Department Two.   April 19, 1932.]

GUSTAV LARSON *et al., Respondents,* v. UNION INVEST-
MENT & LOAN COMPANY, *Appellant.*[1]

[1]Reported in 10 P. (2d) 557.

6

*Peters, Evans & McLaren,* for appellant.
*Louis E. Shela,* for respondents.

BEALS, J.—This action was originally instituted by Gustav Larson as sole plaintiff, the complaint setting forth two causes of action, the first for damages for breach of an alleged agreement whereby defendant, for two hundred dollars paid by plaintiff and other consideration, orally agreed to make to plaintiff a loan in the sum of $36,500, to be secured by a first mortgage on real estate in King county. Plaintiff further alleged the refusal of defendant to make the loan, and that plaintiff had been compelled to accept a less advantageous loan, to his damage in the sum of ten thousand dollars. In his second cause of action, plaintiff sued for the return of the two hundred dollars paid as part consideration for the agreement above referred to.

Later, plaintiff moved for an order making Gustav Larson, Incorporated, a corporation, an additional party plaintiff to the action, which motion the court granted. An amended complaint was filed, in which it was alleged that Gustav Larson, individually, and the corporation jointly agreed with defendant for the making of the loan above referred to.

Defendant answered the amended complaint, denying the material allegations thereof, and the action

was tried to a jury, which returned a verdict in plaintiffs' favor upon the first cause of action in the sum of $1,001.95. As to the second cause of action, the court instructed the jury to return a verdict in plaintiffs' favor for the sum of two hundred dollars, the amount demanded. The court reduced the verdict on the first cause of action to the sum of $768.36, for which amount, together with two hundred dollars on the second cause of action, judgment was entered against defendant, from which judgment defendant appeals.

In the first place, appellant contends that the trial court erred in permitting the filing of the amended complaint and in overruling appellant's special appearance and motion to quash, appellant contending that, in view of appellant's objection and special appearance, the trial court had no jurisdiction to proceed under the amended complaint. Appellant argues that, after the institution of the action, the addition of a joint party plaintiff operated as a substitution of a new plaintiff, to the exclusion of the original plaintiff, and that, under these circumstances, the amended complaint, together with a summons thereon, should have been served upon appellant, and that, in the absence of such service, the court had no jurisdiction to proceed.

Under Rules of Practice II and III, 159 Wash. lvii, adopted by this court January 14, 1927 (Rem. 1927 Sup., §§ 308-2, 308-3), the trial court did not err in directing the addition of the corporation as an additional party plaintiff. This case clearly falls within the rules, and the rule-making power of this court pursuant to Rem. 1927 Sup., §§ 13-1 and 13-2, has been upheld in the cases of *State ex rel. Foster-Wyman Lumber Co. v. Superior Court,* 148 Wash. 1, 267 Pac.

770; *State v. Pavelich,* 153 Wash. 379, 279 Pac. 1102; *State v. Williams,* 156 Wash. 6, 286 Pac. 65; and other cases.

In this action, the amended complaint stated no new or additional cause of action; the same breach of the same contract referred to in the original complaint was relied upon. The order adding the corporation as an additional party plaintiff was well within the authority of the superior court. Under the rules of practice hereinabove referred to and the circumstances disclosed by this record, no occasion existed for service of process on the amended complaint upon the defendant in the action, appellant here. The amended complaint was served upon appellant's counsel and the trial court did not err in overruling appellant's objection to being required to plead thereto.

Prior to the calling of the case for trial, appellant moved that respondents be required to elect between the two causes of action set forth in the amended complaint. The trial court overruled appellant's motion, which ruling is assigned as error. Appellant argues that the second cause of action is one for rescission, and that, the first cause of action being for damages for breach of contract, the two are incompatible, and an election should have been required.

The second cause of action is rather one for recovery of money paid as part consideration for a contract which has been breached. This cause of action is not for a rescission, and the cases cited by appellant in support of this assignment of error do not support this contention.

In the first of these cases, *Houser & Haines Mfg. Co. v. McKay,* 53 Wash. 337, 101 Pac. 894, 27 L. R. A. (N. S.) 925, it was held that the purchaser of a harvester could not, in an action against him for the pur-

chase price of the machine, recover on a counterclaim both the money paid, as upon a rescission, and also damages to his crops by reason of the breach of a warranty as to the performance of the harvester. He had the machine in his possession, and, by asserting a counterclaim for damages, he impliedly elected to accept the machine, thereby rendering the vendor, the plaintiff in the action, entitled to the purchase price, against which the purchaser could offset such damages as he could prove on account of any breach of warranty.

In the case at bar, respondent did not receive the mortgage which he alleged it was agreed between him and appellant he should receive, which left appellant in possession both of the money which was to be loaned and the two hundred dollars which respondent paid as part consideration for the making of the loan. Under these circumstances, respondents' claim to the return of the two hundred dollars is not an action for rescission.

The other case cited by counsel in support of this argument is that of *Blake-Rutherford Farms Co. v. Holt Mfg. Co.,* 70 Wash. 192, 126 Pac. 418, in which the plaintiff sought rescission of a contract of purchase of a traction engine and the return of the purchase price paid, while in the second cause of action it sought damages for loss of profits suffered because of the failure of the engine to perform in accordance with warranties made by the vendor. It was held that the two causes of action were inconsistent, but the case is distinguishable upon the facts for the reasons above stated.

The most serious question presented on this appeal is the basic one of whether or not, as to their first cause of action, respondents introduced evidence

which will support any verdict for damages in their favor. Appellant contends that the damages claimed are entirely speculative in their nature, and that the evidence under this cause of action is not sufficiently definite to support the verdict.

It is the law that a breach of a contract to loan money, unaccompanied by elements of special damage, may not be made the basis of an action. *Avalon Construction Corporation v. Kirch Holding Co., infra.* It is the law, however, that certain items of special damage may be recovered. In the case of *Culp v. Western Loan & Building Co.,* 124 Wash. 326, 214 Pac. 145, a recovery was allowed for items of expense in connection with making another loan, including title insurance, postage, notary's and attorney's fees. The items for which recovery was allowed by way of special damage had, however, all been actually disbursed by the plaintiff, and the amount thereof was definitely established, if legal liability to recover the same existed.

In the case at bar, respondents contended, and the jury found, that appellant agreed to make to, or procure for, respondents a loan, to be secured by a first mortgage, in the sum of $36,500, upon which no payment to be applied to the reduction of the principal should be required for four years, and that thereafter monthly payments should be made which would reduce the principal at the rate of not to exceed seven per cent annually until the same should be completely liquidated. At this time, there was a construction mortgage on the property in the sum of $30,000, and respondents signed an alternative application to appellant for a $5,000 second mortgage. A loan was finally procured, payable in its entirety at the end of five years, for the procurement of which loan respondents paid a commission, one-third of which went to appellant.

The trial court ruled that respondents could recover under their first cause of action no more than the cost of one renewal of the mortgage, including a commission, the expense of title insurance and recording fees, and the verdict of the jury on the first cause of action was in accord with this ruling of the court. The verdict being somewhat in excess of the amount which the trial court felt was sustainable under the evidence, respondents were offered the alternative of accepting a reduction thereof or a new trial. Respondents accepted the reduction, with the result that judgment was entered in their favor, as hereinabove set forth.

The question of whether or not damages have been proved with that degree of certainty required by the law is one of considerable difficulty, and it is not easy to reconcile all of the cases in which similar questions have been passed upon. Appellant cites many authorities in which it has been held that the evidence presented was too vague and general in its nature to support any verdict for damages. The supreme court of the United States, in the case of *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U. S. 555, 75 L. Ed. 544, said:

"It is true that there was uncertainty as to the extent of the damage, but there was none as to the fact of damage; and there is a clear distinction between the measure of proof necessary to establish the fact that petitioner had sustained some damage, and the measure of proof necessary to enable the jury to fix the amount. The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount."

The supreme court, in the case cited, clearly pointed out the distinction between cases in which the evidence as to the *fact* of the damage is uncertain and those in

which the fact of damage is clearly established, the uncertainty existing only as to the *extent* of the damage. This distinction is fundamental and of extreme importance. Where it clearly appears that a party has suffered damage, a more liberal rule should be applied in allowing the court or a jury to determine the amount of the damage than should be applied in weighing evidence on the question of whether or not the acts complained of will result in any damage at all to the party upon whom rests the burden of proof.

In the case of *Anton v. C. M. & St. P. R. Co.*, 92 Wash. 305, 159 Pac. 115, this court said:

"The law demands that verdicts rest upon testimony and not upon conjecture and speculation. There must be some proofs connecting the consequence with the cause relied upon. The testimony, whether direct or circumstantial, must reasonably exclude every hypothesis other than the one relied on."

In the case at bar, respondents were required to accept a mortgage maturing at the expiration of five years instead of one payable over a much longer period. It is true that circumstances may arise which will save respondents from the payment of any extra expenses in connection with the refinancing of the loan against their property, but the question is not whether such circumstances *may* arise, but, are the special damages sought by respondent

". . . such as can be said to be reasonably in the contemplation of the parties at the time of the making of the contract and such as are the natural and proximate results flowing from its breach,"

and were the same proved with reasonable certainty? *Merchants Bank of Canada v. Sims*, 122 Wash. 106, 209 Pac. 1113.

Appellant cites the case of *Webster v. Beau*, 77 Wash. 444, 137 Pac. 1013, 51 L. R. A. (N. S.) 81, in

support of its contention that the damages sought by respondents are too uncertain to be allowed. In the case cited, it was held that there could be no recovery on account of the loss of anticipated profits based upon the breach of a contract in connection with a new business, because the business had never earned any profit, nor was there any evidence upon which could be based any estimate as to probable future profits.

In the case of *Gifford v. Washington Water Power Co.*, 85 Wash. 341, 148 Pac. 11, it was held, in an action for damages on account of personal injuries, that testimony to the effect that an injury to the skull of a child might cause epilepsy and other ills was insufficient to support a verdict.

Many cases are cited by appellant in which this court has held the evidence too vague and general in its nature to support a recovery. On the other hand, cases are cited by respondents in which recoveries have been allowed. The opinions of this court in the cases of *Skagit R. & L. Co. v. Cole*, 2 Wash. 57, 25 Pac. 1077; *Graham v. McCoy*, 17 Wash. 63, 48 Pac. 780, 49 Pac. 235; *Bogart v. Pitchless Lbr. Co.*, 72 Wash. 417, 130 Pac. 490; *Warner v. Channell Chemical Co.*, 121 Wash. 237, 208 Pac. 1104; and *Beeson Bros. v. Chambers*, 155 Wash. 564, 285 Pac. 433, present questions somewhat analogous to those now being considered.

Appellant relies upon the opinion of the court of appeals of New York, in the case of *Avalon Construction Corporation v. Kirch Holding Co.*, 256 N. Y. 137, 175 N. E. 651. This was an action upon a written contract, the defendant cross-complaining for damages, contending that the plaintiff had breached a contract, thereby compelling defendant to borrow money on short time credits. It was contended that, if the plaintiff had kept its agreement, the cross-complainant

would have been saved large sums which it would be compelled, by reason of the breach of the contract, to expend. It was held that no recovery could be had based upon any possible bonus which the property owner might in the future be compelled to pay to procure a loan. The court properly stated that there can be no uniform market price for the procurement of a second mortgage. The court also refused to recognize, as elements of damage, other items including expenses by way of attorney's fees. The court said, however:

"If the situation changes and it becomes reasonably necessary for the defendant to raise money through the instrumentality of a further bond and mortgage, we are not prepared to say that a necessary payment made to obtain such a loan will not be recoverable herein."

A judgment in favor of the cross-complainant was reversed and the action remanded for a new trial, the court holding that,

". . . upon a new trial the defendant's recovery should be confined to expenses naturally and necessarily resulting from the plaintiff's breach of promise."

In the case at bar, the only items of damage which the trial court allowed the jury to consider were matters of expense in connection with one renewal of the mortgage. Careful study of the record in this case, in connection with the authorities cited by the respective parties, convinces us that the finding of the jury as to the fact of damage is supported by competent evidence, and that it cannot be held, as matter of law, that the question of whether or not respondents were damaged by the breach of contract which the jury found appellant committed was so indefinite or uncertain that the verdict should not be allowed to stand.

We conclude that, under the rather liberal rule here-

tofore adopted by this court as to the recovery of future profits or recovery on account of future losses, the basic fact of damage being established, the evidence sustains the verdict of the jury in respondents' favor, and that the trial court did not err in entering judgment thereon.

Appellant next contends that the trial court erred in instructing the jury to return a verdict in respondents' favor for the two hundred dollars referred to in respondents' second cause of action. Appellant contends that this question should have been submitted to the jury, and that the peremptory instruction of the court was erroneous. We are satisfied that, under the undisputed evidence, respondents were, as matter of law, entitled to the return of this money. Appellant admitted its receipt, and does not contend that either the first or the second mortgage referred to in the application signed by respondents was furnished. We find in the record no basis upon which appellant could justify its retention of the two hundred dollars paid, and the court properly instructed the jury that respondents were entitled to judgment for this amount.

The trial court instructed the jury that they would be slow to believe that any witness testified falsely, and appellant contends that this instruction constitutes a comment on the evidence in violation of Art. IV, § 16, of the state constitution, which provides that "judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." The trial court instructed the jury that they were the sole and exclusive judges of the evidence and of the credibility of the several witnesses, and of the weight to be attached to the testimony of each. The portion of the instruction complained of by appellant does not constitute reversible error. *Lyts v. Keevey,*

5 Wash. 606, 32 Pac. 534; *Martin v. Jansen,* 113 Wash. 290, 193 Pac. 674, 198 Pac. 393.

Appellant also contends that, in its instructions, the trial court in one place told the jury that, if they found for the respondents, the measure of damages should be ''the cost of renewal'' of the loan, while in another instruction the jury were told that they might ''consider the reasonable cost'' of such expenses. We have carefully examined these instructions, and find therein no substantial conflict which calls for a reversal of the judgment appealed from.

Some other questions are argued, in connection with which we find no merit in appellant's contentions.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and MAIN, JJ., concur.

