# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IDALIE MUÑOZ MUÑOZ, | ) | DIVISION ONE |
| Appellant, | ) ) ) | No. 72794-0-I |
| v. | ) ) | UNPUBLISHED OPINION |
| MATTHEW J. BEAN, | ) ) | |
| Respondent. | ) ) | FILED: March 7, 2016 |

DWYER, J. — Idalie Muñoz Muñoz, acting pro se, instituted this legal malpractice action against her former attorney Matthew Bean arising out of Bean's work on an employment discrimination lawsuit brought by Muñoz against the federal government. After Muñoz failed to respond to Bean's motion for summary judgment, Muñoz belatedly filed a motion for a continuance stating that she could not respond to the motion due to an illness. When Muñoz failed to attend the summary judgment hearing, the trial court denied her motion for a continuance and granted summary judgment in Bean's favor. Muñoz appeals the trial court's orders denying her motion for a continuance, granting summary judgment in favor of Bean as to all of her claims, and denying her motions for reconsideration. Finding no error, we affirm.

I

Muñoz was hired as a media specialist with the United States Census Bureau under a two-year contract on February 4, 2008. She was terminated on February 2, 2009, less than one year later. Asserting that the basis of her

termination was discriminatory, Muñoz hired attorney Patricia Rose and sued the United States Department of Commerce (DOC) in the United States District Court for the Western District of Washington. Muñoz later fired Rose and, acting pro se, filed an amended complaint. She subsequently retained Bean as counsel in December 2010.

During the course of Bean's representation, he began to believe that some of the claims pleaded in Muñoz's amended complaint were without merit. After extensive conversations, Muñoz and Bean disagreed as to which claims were meritorious and which should be dismissed. Bean advised Muñoz to seek a second opinion regarding the merit of her claims. Muñoz did not do so. Ultimately, Bean informed Muñoz that if he, as her attorney, believed certain claims to be frivolous, Federal Rule of Civil Procedure 11 prohibited him from asserting them. Bean further advised Muñoz that if she insisted on bringing claims that Bean believed to be frivolous, he would be required to withdraw as her attorney. When Muñoz continued to insist that Bean prosecute all of the claims set forth in her amended complaint, Bean filed a motion to withdraw as Muñoz's attorney.[1] On May 10, 2011, the district court authorized Bean's withdrawal.

During the five months that Bean represented Muñoz, no discovery was conducted, no pleadings were amended, no deadlines had passed, and none of Muñoz's claims were dismissed. After Bean withdrew, Muñoz prosecuted her

---

[1] In his motion to withdraw as Muñoz's counsel, Bean astutely indicated that there was a "potential conflict between attorney and client that, if the attorney-client relationship were to continue, could result in a violation of RPC 1.2(c) and/or FRCP 11."

lawsuit against the DOC pro se. On March 21, 2012, more than 10 months after Bean's withdrawal, the DOC filed a motion to dismiss and/or for summary judgment. In response, Muñoz filed a second amended complaint. The district court denied the DOC's motion. The parties engaged in additional discovery, after which the DOC again moved to dismiss and/or for summary judgment. This motion was granted, in part. On February 19, 2013, the DOC moved for summary judgment dismissal of Muñoz's remaining claims. The district court granted summary judgment in the DOC's favor, dismissing Muñoz's suit with prejudice. On December 15, 2015, the Ninth Circuit Court of Appeals affirmed. Muñoz v. Locke, 2015 WL 8732518 (9th Cir. Dec. 15, 2015).

On March 3, 2014, Muñoz filed this legal malpractice action against Bean in King County Superior Court. Her complaint also included claims for misrepresentation, breach of contract, intentional and negligent infliction of emotional distress, breach of fiduciary duties, and violation of the Washington Consumer Protection Act (CPA).[2] Attorney Joel E. Wright from the law firm of Lee Smart, P.S., Inc. (Lee Smart) filed a notice of appearance on Bean's behalf. Muñoz proceeded pro se.

The parties then engaged in discovery, exchanging several sets of interrogatories and requests for production. After determining that Muñoz did not meaningful respond to the discovery requests, Bean's counsel sent a letter notifying Muñoz of the deficient responses and setting a CR 26(i) conference. When Muñoz refused to participate in the conference via telephone, instead

---

[2] Ch. 19.86 RCW.

3

insisting that the conference take place at a library in Federal Way, Bean's counsel objected and cancelled the discovery conference. Bean's counsel advised Muñoz that he did not intend to engage in further discovery but, rather, planned to file a motion for summary judgment as to all of her claims.

Throughout the discovery process, Muñoz served 10 sets of discovery requests on Bean. Bean initially informed Muñoz that the responsive documents would be prepared electronically and sent to her on a compact disc. However, upon learning that Muñoz's discovery requests required the responsive documents to be made available to Muñoz at Bean's attorney's office for inspection, no such disc was sent. Consistent with these instructions, Bean's counsel made the responsive documents available at Lee Smart's office for Muñoz's inspection. Ultimately, Muñoz never inspected the documents.

On September 26, 2014, Bean moved for summary judgment, challenging the sufficiency of the evidence supporting Muñoz's claims. The summary judgment motion was noted for hearing on October 24. Muñoz's reply was due on October 13. See CR 56(c). However, Muñoz did not file a reply by the October 13 deadline. Rather, on October 20, four days before the summary judgment hearing, she filed a request for an extension of time to respond to Bean's motion.[3] In her request, Muñoz claimed that she had been unable to timely respond to Bean's motion for summary judgment due to her suffering from an illness that required medical attention. Bean filed a reply pleading noting that Muñoz had failed to file a pleading in response to his motion for summary

---

[3] Muñoz simultaneously filed a motion to shorten time for filing the motion to continue.

judgment and notifying Muñoz of Bean's intent to present his proposed order for entry at the October 24 summary judgment hearing.

On October 21, Muñoz filed a response to Bean's reply in support of his motion for summary judgment. In this pleading, she requested that the trial court grant her motion for a continuance. The next day, Bean responded to Muñoz's motion for a continuance, opposing the motion on the basis that Muñoz had not complied with the requirements of CR 56(f) or CR 6 and that no substantive basis for a continuance existed.

The trial court heard Bean's motion for summary judgment as scheduled. Christopher Winstanley, a member of the Washington State Bar Association and an associate attorney at Lee Smart, appeared on behalf of Bean. Muñoz was not present. The trial court waited approximately 20 minutes for Muñoz to appear before commencing the proceeding. Muñoz never arrived. The trial court then granted Muñoz's motion to shorten time, denied Muñoz's motion for a continuance, and granted Bean's motion for summary judgment.

On October 29, Muñoz filed motions for reconsideration of both the trial court's order denying Muñoz's continuance request and its order granting summary judgment. Muñoz filed medical documentation accompanying both motions. With regard to reconsideration of her request for a continuance, Muñoz filed a doctor's note dated September 24, 2014 excusing her from work for 1-2 days, a doctor's note releasing her to full duty work effective September 29, and attendant chart notes. With regard to reconsideration of the trial court's order granting summary judgment, Muñoz attached a doctor's note dated October 24,

2014 excusing her from work and releasing her to full duty effective October 27, the following Monday. Additionally, Muñoz submitted a document purporting to be an "un-finished response" to Bean's motion for summary judgment. The trial court denied Muñoz's motions for reconsideration without oral argument.

After the trial court disposed of Muñoz's claims, Bean moved for an award of attorney fees and costs pursuant to RCW 4.84.185[4] and CR 11.[5] The trial court denied Bean's request, explaining that, "[a]lthough plaintiff's lawsuit lacked merit, it did not rise to the level of being a frivolous lawsuit." Muñoz now appeals.

II

Muñoz first contends that the trial court erred by denying her motion for a continuance. This is so, she asserts, because the statements contained in her motion, that she was too ill to timely file a responsive pleading to Bean's summary judgment motion, provide a sufficient ground for a continuance. We disagree.

---

[4] RCW 4.84.185 provides that, "In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action."

[5] CR 11(a) provides that,
The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. . . . If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

In her motion for a continuance, Muñoz does not identify which procedural rule provides a basis for a continuance. Thus, we will analyze her request for a continuance under both CR 56(f) and CR 6(b).

A

"Whether a motion for continuance should be granted or denied is a matter of discretion with the trial court, reviewable on appeal for manifest abuse of discretion." Trummel v. Mitchell, 156 Wn.2d 653, 670, 131 P.3d 305 (2006) (citing Balandzich v. Demeroto, 10 Wn. App. 718, 720, 519 P.2d 994 (1974)); see also Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989) (reviewing CR 56 motion for continuance for abuse of discretion); Davies v. Holy Family Hosp., 144 Wn. App. 483, 500, 183 P.3d 283 (2008) (reviewing CR 6 motion for continuance for abuse of discretion). "Abuse of discretion is not shown unless the discretion has been exercised upon a ground, or to an extent, clearly untenable or manifestly unreasonable." Friedlander v. Friedlander, 80 Wn.2d 293, 298, 494 P.2d 208 (1972).

CR 56(f) governs motions for a continuance of summary judgment. It provides,

> Should it appear from the affidavits of a party opposing the motion that, for reasons stated, the party cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

CR 56(f).

The purpose of CR 56(f) is to "allow[] a party to move for a continuance so that it may gather evidence relevant to a summary judgment proceeding." Old

7

City Hall LLC v. Pierce County AIDS Found., 181 Wn. App. 1, 15, 329 P.3d 83 (2014). Thus, a remedy is provided "for a party who knows of the existence of a material witness and shows good reason why he cannot obtain the affidavit of the witness in time for the summary judgment proceeding." Lewis v. Bell, 45 Wn. App. 192, 196, 724 P.2d 425 (1986). Accordingly, a trial court's decision to deny a motion for a continuance is not an abuse of discretion where "(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact." Turner, 54 Wn. App. at 693 (citing Lewis, 45 Wn. App. at 196; Sternoff Metals Corp. v. Vertecs Corp., 39 Wn. App. 333, 341-42, 693 P.2d 175 (1984)).

Muñoz offered no justification supporting her motion for a continuance other than that she "experienced unavoidable delays in preparing her filings" due to a viral illness which required medical attention. In requesting a three week continuance one week after her reply to Bean's motion for summary judgment was due, Muñoz provided no medical documentation supporting her request. Indeed, Muñoz has cited no authority to support the proposition that an unspecified illness, standing alone, is a proper ground for granting a continuance pursuant to CR 56(f).

Washington case law on the matter is clear. "CR 56(f) provides a remedy for parties who know of the existence of a material witness and show good reason why they cannot obtain the witness' affidavits in time for the summary

8

judgment proceeding." Turner, 54 Wn. App. at 693 (footnote omitted). Muñoz did not demonstrate, or even assert facts in support of her contention, that she was entitled to a continuance pursuant to CR 56(f). Accordingly, the trial court did not abuse its discretion in denying Muñoz's motion for a continuance pursuant to CR 56(f).

B

A motion for a continuance may also be brought pursuant to CR 6. CR 6(b) provides,

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion: (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or, (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 50(b), 52(b), 59(b), 59(d), and 60(b).

Because Muñoz did not file her motion for a continuance prior to the expiration of the allotted time for her to reply to Bean's motion for summary judgment, Muñoz bears the burden of proving that her failure to file a reply was the result of excusable neglect.[6]

Several factors may be considered in order to determine whether the delay at issue resulted from excusable neglect:

---

[6] The civil rules prescribe the timeline for summary judgment procedure. When a motion for summary judgment is filed, "[t]he adverse party may file and serve opposing affidavits, memoranda of law or other documentation not later than 11 calendar days before the hearing." CR 56(c). Here, Muñoz filed her motion for a continuance on October 20, 2014, only four days before the hearing on the summary judgment motion was noted, October 24, 2014. Because Muñoz did not file her motion for a continuance before her response was due, CR 6(b)(1) is inapplicable.

9

"(1) The prejudice to the opponent; (2) the length of the delay and its potential impact on the course of judicial proceedings; (3) the cause for the delay, and whether those causes were within the reasonable control of the moving party; (4) the moving party's good faith; (5) whether the omission reflected professional incompetence, such as an ignorance of the procedural rules; (6) whether the omission reflected an easily manufactured excuse that the court could not verify; (7) whether the moving party had failed to provide for a consequence that was readily foreseeable; and (8) whether the omission constituted a complete lack of diligence."

Keck v. Collins, 181 Wn. App. 67, 84, 325 P.3d 306 (2014) (quoting 15 KARL B.

TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 48:9, at 346 (2d ed. 2009)),

aff'd, 184 Wn.2d 358, 357 P.3d 1080 (2015).

Here, Muñoz's illness was not the result of excusable neglect. In denying Muñoz's motion for a continuance, the trial court indicated that "Plaintiff did not provide any evidence to support her claim that she is ill. No declaration from any physician or any medical authority."[7] Indeed, Muñoz provided no evidence documenting her illness either at the time her motion for a continuance was filed or heard.

Applying the eight factors outlined above, only the first factor, prejudice to the opponent, can be said to weigh in Muñoz's favor. Presumably, Bean's case would not have been significantly affected had the trial court granted Muñoz's motion for a continuance because Muñoz never indicated that she intended to

---

[7] In Muñoz's motion for reconsideration of the trial court's order denying her motion for a continuance, Muñoz claims that she "stated under oath [in her motion for a continuance] that she had 'experienced unavoidable delays in preparing her filings due to Plaintiff's illness from a virus which required medical attention.'" Muñoz contends that this statement alone provided a sufficient basis for the trial court to grant a continuance. To the contrary, the trial court acted within its discretion by expecting Muñoz to, at minimum, provide authenticated documentation or sworn testimony from a physician corroborating her illness at the time her motion for a continuance was made. Without this, the trial court had no way to verify the legitimacy of Muñoz's claimed illness.

compile additional evidence in support of her response. However, a delay of three weeks, giving Muñoz well over the allotted time to file her reply to Bean's motion for summary judgment, could have significantly disrupted the course of judicial proceedings.

The remaining factors all weigh in Bean's favor. As discussed, Muñoz filed her motion for a continuance seven days after her response was due. In her motion, Muñoz stated merely that she was unable to complete the reply because she had required medical attention for an illness. Muñoz submitted no evidence from which the trial court could confirm that Muñoz had actually been ill, or whether this was a "manufactured excuse." Keck, 181 Wn. App. at 84. Moreover, had Muñoz experienced health issues, she should have alerted the court as to her difficulties before the responsive pleading deadline had passed.[8] Her failure to do so supports the conclusion that the delay was due solely to her lack of diligence, lack of good faith, or both.

Accordingly, Muñoz has not demonstrated that her failure to meet the October 13 filing deadline was a result of "excusable neglect." Thus, the trial court did not abuse its discretion in denying her motion for a continuance pursuant to CR 6.

III

Muñoz next contends that the trial court erred by granting summary judgment dismissal of her claims against Bean. This is so, she asserts, because

_____

[8] Indeed, Muñoz's first medical visit for health problems was later shown to have been on September 24. Thus, at the time it became reasonably foreseeable that Muñoz would not meet the October 13 deadline, she should have alerted the court to that effect rather than waiting until four days before the summary judgment hearing to file her motion for a continuance.

11

the trial court did not review Muñoz's exhibits and pleadings, *i.e.*, her first amended complaint.[9] As an initial matter, Muñoz confuses the existence of a burden on her part to defeat a motion for summary judgment. We take Muñoz's argument to be that she had presented sufficient evidence to create a genuine issue of material fact and, thus, the trial court erred when it granted summary judgment in Bean's favor. We disagree.

When reviewing an order granting summary judgment we "perform the same inquiry as the trial court." Owen v. Burlington N. & Santa Fe R.R., 153 Wn.2d 780, 787, 108 P.3d 1220 (2005) (citing Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 860, 93 P.3d 108 (2004)). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); see also Owen, 153 Wn.2d at 787.

In determining whether a genuine issue of material fact exists, we must "assume facts most favorable to the nonmoving party." Ruff v. County of King, 125 Wn.2d 697, 703, 887 P.2d 886 (1995) (citing Hartley v. State, 103 Wn.2d 768, 774, 698 P.2d 77 (1985); Braegelmann v. County of Snohomish, 53 Wn. App. 381, 383, 766 P.2d 1137 (1989)). The nonmoving party "must set forth

---

[9] Muñoz also contends that the "pleadings were incomplete due to Defending Party's sabotaging and blocking discovery after two months of discovery proceedings." Br. of Appellant at 19. However, as the record shows, Bean did not block Muñoz from obtaining evidence to support her claims, nor did he abruptly end the discovery process. Bean made the requested documents available at the office of Lee Smart, pursuant to instructions in Muñoz's discovery requests. Muñoz never went to inspect the documents. Furthermore, the record shows that Bean did not end the discovery process but, rather, determined that Muñoz had no evidence to support her claims and moved for summary judgment. Accordingly, Muñoz's contention, even if legally cognizable, has no merit.

specific facts that sufficiently rebut the moving party's contentions" and "may not rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value." Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986) (citing Dwinnell's Cent. Neon v. Cosmopolitan Chinook Hotel, 21 Wn. App. 929, 937, 587 P.2d 191 (1978)). Where the nonmoving party fails to file a response to a motion for summary judgment, our review is limited to consideration of only those documents submitted by the moving party in support of the motion. Pearson v. Gray, 90 Wn. App. 911, 915, 954 P.2d 343 (1998).

Muñoz's lawsuit alleges several causes of action, including legal malpractice, intentional and negligent misrepresentation, breach of contract, intentional and negligent infliction of emotional distress, breach of fiduciary duties, and violation of the CPA. We discuss her claims in turn.

A

To establish a prima facie case for legal malpractice, the plaintiff bears the burden of demonstrating:

> (1) The existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission by the attorney in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred.

Hizey v. Carpenter, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992) (citing Hansen v. Wightman, 14 Wn. App. 78, 88, 538 P.2d 1238 (1975); Sherry v. Diercks, 29 Wn. App. 433, 437, 628 P.2d 1336 (1981)).

"By its very nature, an action for professional negligence in the preparation and conduct of specific litigation involves matters calling for special skill or knowledge—proper subjects for expert testimony." Walker v. Bangs, 92 Wn.2d 854, 857-58, 601 P.2d 1279 (1979). Thus, in order to establish the standard of care required of legal professionals, expert testimony is often required. Walker, 92 Wn.2d at 858.

Additionally, in a legal malpractice action, proximate cause is determined using "but for" causation. Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson, 95 Wn. App. 231, 235-36, 974 P.2d 1275 (1999). This test requires that the plaintiff prove that "the client's initial cause of action was lost or compromised by the attorney's alleged negligence." Shepard Ambulance, 95 Wn. App. at 235 (citing Daugert v. Pappas, 104 Wn.2d 254, 257, 704 P.2d 600 (1985)). Additionally, the plaintiff must prove that the result of the underlying litigation would have been better "'but for' the attorney's mishandling of the initial cause of action." Shepard Ambulance, 95 Wn. App. at 236 (citing Daugert, 104 Wn.2d at 257).

Here, Muñoz failed to reply to Bean's motion for summary judgment or to produce any evidence establishing a prima facie case for her legal malpractice claim. Muñoz did not provide any testimony, expert or otherwise, to establish that Bean breached a duty of care during his representation. Moreover, Muñoz has not established that "but for" Bean's errors, her underlying employment discrimination claim would have been successful. Accordingly, the trial court did

not err in granting summary judgment in favor of Bean on the legal malpractice cause of action.

B

To establish a claim for intentional misrepresentation, a plaintiff must establish by clear and convincing evidence:

> (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely upon the representation, and (9) damages suffered by the plaintiff.

W. Coast, Inc. v. Snohomish County, 112 Wn. App. 200, 206, 48 P.3d 997 (2002) (citing Stiley v. Block, 130 Wn.2d 486, 505, 925 P.2d 194 (1996)); see also Poulsbo Grp., LLC v. Talon Dev., LLC, 155 Wn. App. 339, 345-46, 229 P.3d 906 (2010).

A negligent misrepresentation claim requires a plaintiff to show by clear and convincing evidence that the "defendant negligently supplied false information the defendant knew, or should have known, would guide the plaintiff in making a business decision and that the plaintiff justifiably relied on the false information. In addition, the plaintiff must show that the false information was the proximate cause of the claimed damages." Van Dinter v. Orr, 157 Wn.2d 329, 333, 138 P.3d 608 (2006) (citing Lawyers Title Ins. Corp. v. Baik, 147 Wn.2d 536, 545, 55 P.3d 619 (2002)).

Again, because Muñoz failed to respond to Bean's motion for summary judgment, we consider only documentation submitted by Bean in support of his motion. See Pearson, 90 Wn. App. at 915. The crux of Muñoz's

misrepresentation claim is that Bean misrepresented her eligibility under the Family and Medical Leave Act (FMLA).[10] This allegation is unsupported by the evidence. The record demonstrates that Bean diligently consulted with other employment attorneys to determine Muñoz's eligibility under the FMLA and advised her to get a second opinion if she disagreed. Moreover, the district court dismissed Muñoz's FMLA claim on summary judgment, and the Ninth Circuit affirmed. Muñoz v. Locke, 2015 WL 8732518 (9th Cir. Dec. 15, 2015). Because Muñoz has adduced no evidence creating a genuine issue of material fact as to her misrepresentation claims, the trial court correctly granted summary judgment in favor of Bean.

C

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 712, 899 P.2d 6 (1995) (citing Larson v. Union Inv. & Loan Co., 168 Wash. 5, 10 P.2d 557 (1932); Alpine Indus., Inc. v. Gohl, 30 Wn. App. 750, 637 P.2d 998, 645 P.2d 737 (1981)).

Muñoz failed to establish a genuine issue of material fact that would defeat Bean's motion for summary judgment on her breach of contract claim. Aside from her bare allegations and conclusory statements, Muñoz did not

---

[10] Muñoz also contends that Bean misrepresented his credentials as an employment lawyer. However, at the outset of Bean and Muñoz's relationship, Bean informed Muñoz that he was familiar with employment discrimination claims but had little experience in the federal equal employment opportunity sector, and that he had contacted another attorney for advice on Muñoz's claims. Because there is no evidence that Bean intentionally or negligently misrepresented his qualifications to any degree, Muñoz's contention has no merit.

16

produce any evidence to demonstrate that Bean breached the representation agreement during the five months of his representation. Accordingly, the trial court properly dismissed Muñoz's breach of contract claim on summary judgment.

D

A "plaintiff in a legal malpractice case may recover emotional distress damages when significant emotional distress is foreseeable from the sensitive or personal nature of representation or when the attorney's conduct is particularly egregious. However, simple malpractice resulting in pecuniary loss that causes emotional upset does not support emotional distress damages." Schmidt v. Coogan, 181 Wn.2d 661, 671, 335 P.3d 424 (2014).

To establish a claim for intentional infliction of emotional distress (IIED), a plaintiff must prove: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." Kloepfel v. Bokor, 149 Wn.2d 192, 195, 66 P.3d 630 (2003). Accordingly, "any claim for [IIED] must be predicated on behavior '*so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.*'" Kloepfel, 149 Wn.2d at 196 (internal quotation marks omitted) (quoting Grimsby v. Samson, 85 Wn.2d 52, 59-60, 530 P.2d 291 (1975)).

Muñoz provided no evidence to support any element of her IIED claim. Specifically, Muñoz provided no evidence that Bean intentionally or recklessly acted with the intent to cause Muñoz's emotional reaction. Moreover, Muñoz's

unsupported assertion that she has experienced extreme emotional distress is insufficient to establish entitlement to emotional distress damages. Consequently, the trial court did not err in granting summary judgment in favor of Bean on this claim.

In order to establish a claim for negligent infliction of emotional distress (NIED), a plaintiff must prove "duty, breach, proximate cause, damage, and 'objective symptomatology.'" Kumar v. Gate Gourmet, Inc., 180 Wn.2d 481, 505, 325 P.3d 193 (2014) (quoting Strong v. Terrell, 147 Wn. App. 376, 387, 195 P.3d 977 (2008)). Additionally, "a plaintiff's emotional response must be reasonable under the circumstances." Hegel v. McMahon, 136 Wn.2d 122, 132, 960 P.2d 424 (1998) (citing Hunsley v. Giard, 87 Wn.2d 424, 436, 553 P.2d 1096 (1976)). Unlike IIED claims, a cause of action for NIED further requires a showing of "'objective symptomology'" which is "'susceptible to medical diagnosis and proved through medical evidence.'" Kloepfel, 149 Wn.2d at 197-98 (quoting Hegel, 136 Wn.2d at 135).

Even assuming that Muñoz had presented evidence showing duty, breach, proximate cause, and damages, which she has not, she has not established that her emotional distress was objectively manifested or susceptible to a medical diagnosis. Muñoz provided no medical evidence of her emotional distress and, thus, her claim for NIED fails.

Accordingly, the trial court did not err in granting Bean's motion for summary judgment on Muñoz's emotional distress claims.

18

E

It is well established that an attorney occupies a fiduciary relationship to his or her client. See, e.g., Liebergesell v. Evans, 93 Wn.2d 881, 890, 613 P.2d 1170 (1980). In order to establish a claim for breach of fiduciary duty, a plaintiff must prove: "(1) existence of a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury." Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002) (citing Miller v. U.S. Bank of Wash., 72 Wn. App. 416, 426, 865 P.2d 536 (1994)).

We are unable to discern exactly what duty Muñoz alleges Bean to have breached.[11] Other than the bare allegations in her complaint, Muñoz offered no evidence that Bean breached any fiduciary duty during his representation or that the breach proximately caused any injury. Because Muñoz failed to file a reply to Bean's motion for summary judgment or to produce any evidence supporting her breach of fiduciary duty cause of action, the trial court did not err in granting summary judgment dismissal of this claim.

F

"For a private individual to initiate an action under the [CPA], 'the conduct complained of must: (1) be unfair or deceptive; (2) be within the sphere of trade or commerce; and (3) impact the public interest.'" McRae v. Bolstad, 101 Wn.2d 161, 165, 676 P.2d 496 (1984) (quoting Anhold v. Daniels, 94 Wn.2d 40, 45, 614

---

[11] In her first amended complaint, Muñoz alleges "unfair modification of a fee agreement after representation began," and failure to disclose a conflict of interest. Muñoz provided no evidence to support these claims.

19

P.2d 184 (1980)). In an action for legal malpractice and/or negligence where the "claims are not chiefly concerned with the entrepreneurial aspects of legal practice," but with the "actual practice of law," the CPA does not apply. Short v. Demopolis, 103 Wn.2d 52, 61, 691 P.2d 163 (1984). The entrepreneurial aspects of law subject to the CPA include "how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients. These business aspects of the legal profession are legitimate concerns of the public which are properly subject to the CPA." Short, 103 Wn.2d at 61.

Muñoz's claim of legal malpractice is directed at Bean's competency as an attorney and trial strategy, not the entrepreneurial aspects of his practice. Accordingly, the CPA is inapplicable and Muñoz's CPA claim fails as a matter of law.

Because Muñoz has not raised a genuine issue of material fact with respect to any of her claims, the trial court did not err in granting summary judgment in Bean's favor.

IV

Muñoz further contends that the trial court erred in denying her motions for reconsideration of the trial court's orders denying her request for a continuance and granting summary judgment in favor of Bean. This is so, she asserts, because the production of additional medical documentation supporting her illness provided a sufficient ground for the trial court to grant her motions for reconsideration. This contention is unavailing.

A ruling on motion for reconsideration is a decision within the sound discretion of the trial court and "will be overturned only if the court abused its discretion." Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002) (citing Rummer v. Throop, 38 Wn.2d 624, 231 P.2d 313 (1951); Kennedy v. Sundown Speed Marine, Inc., 97 Wn.2d 544, 647 P.2d 30 (1982); Lilly v. Lynch, 88 Wn. App. 306, 321, 945 P.2d 727 (1997)). "We review a trial court's denial of a motion for reconsideration and its decision to consider new or additional evidence presented with the motion to determine if the trial court's decision is manifestly unreasonable or based on untenable grounds." Martini v. Post, 178 Wn. App. 153, 161, 313 P.3d 473 (2013) (citing Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 683, 15 P.3d 115 (2000); Chen v. State, 86 Wn. App. 183, 192, 937 P.2d 612 (1997)).

CR 59(a) provides the grounds for which a motion for reconsideration may be granted. These grounds include:

> (1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;
> (2) Misconduct of prevailing party or jury; and whenever any one or more of the jurors shall have been induced to assent to any general or special verdict or to a finding on any question or questions submitted to the jury by the court, other and different from the juror's own conclusions, and arrived at by a resort to the determination of chance or lot, such misconduct may be proved by the affidavits of one or more of the jurors;
> (3) Accident or surprise which ordinary prudence could not have guarded against;
> (4) Newly discovered evidence, material for the party making the application, which the party could not with reasonable diligence have discovered and produced at the trial;
> (5) Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;

(6) Error in the assessment of the amount of recovery whether too large or too small, when the action is upon a contract, or for the injury or detention of property;

(7) That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law;

(8) Error in law occurring at the trial and objected to at the time by the party making the application; or

(9) That substantial justice has not been done.

CR 59(a).

In Muñoz's motion for reconsideration of the trial court's order denying her motion for a continuance, Muñoz contended that "[i]n Plaintiff's motion requesting an extension of time, which was served and filed on 10/20/14, Plaintiff stated under oath that she had 'experienced unavoidable delays in preparing her filings due to Plaintiff's illness from a virus which required medical attention.'" Additionally, Muñoz submitted medical chart notes as supporting documentation.[12]

Muñoz's motion for reconsideration of the trial court's order granting Bean's motion for summary judgment advanced similar arguments, namely, that "Plaintiff is a disabled senior with multiple disabilities" and was unable to attend the summary judgment hearing "due to illness." With this motion, Muñoz provided medical documentation indicating that she visited a doctor on the date of the hearing[13] and attached a draft of her unfinished response to Bean's motion

---

[12] The relevant medical documentation provided includes: (1) a note from Gilberg J. Aguilar, PA-C, on September 24, 2014 excusing Muñoz from work for 1-2 days; (2) a summary of Muñoz's urgent care visit on September 24, 2014; and (3) a note from Robert R. Haynes, MD, on September 25, 2014 releasing Muñoz for full duty effective September 29, 2014.

[13] Specifically, Muñoz provided: (1) a note from Robert R. Haynes, MD, on October 24, 2014 excusing Muñoz from work the same day and releasing her for work on October 27, 2014 (the following Monday); and (2) a summary of Muñoz's office visit on October 24, 2014.

for summary judgment. On November 7, 2014, Muñoz supplemented her motion for reconsideration with an "updated draft" of her unfinished response to Bean's motion for summary judgment. The trial court denied Muñoz's motions for reconsideration pursuant to CR 59.

Muñoz has not identified the provision of CR 59(a) upon which she relies in support of her motions for reconsideration. However, based on the content of Muñoz's motions, the only plausible ground supporting her motion is that her illness constituted an "[a]ccident or surprise which ordinary prudence could not have guarded against." CR 59(a)(3).

Here, Muñoz's failure to respond to the motion and absence from the hearing, even if based on illness, were not the type of accidents or surprises that could not have been alleviated by ordinary prudence. Bean moved for summary judgment on September 26, 2014, and noted his motion for hearing on October 24, 2014. Muñoz's response brief was due on October 13, 2014. Muñoz, however, did not file a reply. Instead, on October 20, 2014, Muñoz filed her motion for a continuance stating she was unable to complete her response because she was ill. No medical evidence of her illness was submitted at that time. Because Muñoz did not demonstrate that she was entitled to a continuance under either CR 56 or CR 6, her motion for a continuance was properly denied.

Nonetheless, Muñoz filed a motion for reconsideration of both the trial court's orders denying her motion for a continuance and granting summary judgment in Bean's favor. The only assertions advanced by Muñoz in her

motions for reconsideration is that she had been ill. However, had Muñoz been experiencing health problems, she could have and should have filed her motion for a continuance well before the responsive pleading filing deadline expired. Furthermore, Muñoz submitted evidence that she visited an urgent care facility on September 24, but was cleared for work one to two days later. Instead of alerting the court of her condition at this time, Muñoz waited until four days before the summary judgment hearing to move the court for a continuance. Even assuming that an illness of this sort was the type of "accident or surprise" contemplated by CR 59(a), ordinary prudence on the part of Muñoz could have prevented the harm of which she now complains.

Because Muñoz did not demonstrate that an accident or surprise warranting reconsideration of the trial court's orders occurred, the trial court did not abuse its discretion in denying Muñoz's motions for reconsideration.

V

A

Muñoz next contends that the trial court erred because it did not base its order granting summary judgment for Bean "on the pleadings." This is so, she asserts, because the trial court did not read or review Muñoz's exhibits. This contention is unavailing.

Muñoz confuses the basis of the trial court's summary judgment order on the merits as a default entry of summary judgment. The order granting Bean's motion for summary judgment was made after the court had "reviewed the records and files." In fact, the trial court's order lists the pleadings reviewed by

the court, including Bean's motion for summary judgment, Bean's declaration, attorney Joel Wright's declaration, Bean's reply in support of his motion for summary judgment, and attorney Daniel Mooney's declaration.

As this court has recognized, "[t]he 'facts' required by CR 56(e) are evidentiary in nature, and ultimate facts or conclusions of fact are insufficient." Pearson, 90 Wn. App. at 915 (citing Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988)). Accordingly, where a party relies solely on its complaint in contesting a motion for summary judgment, our review is limited to considering only those documents submitted by the moving party in support of their motion.[14] Pearson, 90 Wn. App. at 915. Muñoz never filed a responsive pleading to Bean's motion for summary judgment and relies on her complaint alone to respond to Bean's motion for summary judgment. Thus, because the trial court properly decided Bean's motion for summary judgment on the pleadings before it, no entitlement to appellate relief has been demonstrated.

B

Muñoz also contends that the trial court erred by allowing Christopher Winstanley, an associate attorney at Lee Smart, to appear on behalf of Bean at the summary judgment hearing. This is so, she asserts, because Winstanley was not Bean's attorney of record. Her argument misses the mark.

"When an attorney makes a formal appearance for a defendant, it is the *defendant* who appears, and not the attorney." Tiffin v. Hendricks, 44 Wn.2d

---

[14] Muñoz did reply to Bean's reply to Muñoz's failure to file a responsive pleading. However, in her reply, Muñoz simply requested that the trial court grant her motion for a continuance. She did not respond to the substantive arguments in Bean's motion for summary judgment, nor did she attach additional evidence supporting her claims.

837, 843, 271 P.2d 683 (1954). We presume that "a voluntary appearance made by an attorney on behalf of a party . . . is authorized until the contrary appears; and a judgment entered thereon will not be set aside except upon clear and convincing proof that the attorney did not have authority to appear." Ashcraft v. Powers, 22 Wash. 440, 443, 61 P. 161 (1900) (citing McEachern v. Brackett, 8 Wash. 652, 36 P. 690 (1894)). It is, in any event, the party upon whose behalf the attorney has appeared who has the ability to challenge the attorney's appearance, not an opposing party. See RCW 2.44.020 ("If it be alleged by a party for whom an attorney appears, that he or she does so without authority, the court may . . . relieve the party for whom the attorney has assumed to appear from the consequences of his or her act.").

The Lee Smart firm initially filed a notice of appearance on behalf of Bean through attorney Joel E. Wright. Winstanley, an associate attorney at Lee Smart, appeared at the October 24 summary judgment hearing on Bean's behalf. Bean has not challenged Winstanley's attendance at the hearing nor has he challenged Lee Smart's voluntary appearance in the matter. Thus, Muñoz has not shown that Winstanley, a licensed member of the Washington State Bar Association, was not authorized to represent Bean at the summary judgment hearing. Accordingly, no entitlement to appellate relief has been demonstrated.

C

Muñoz further contends that the trial court erred when it heard Bean's motion for summary judgment without Muñoz being present at the hearing. This

is so, she asserts, because the trial court failed to wait a required hour for Muñoz to appear before commencing the proceeding.[15] This contention has no merit.

In support of her argument, Muñoz cites RCW 12.04.160. However, RCW 12.04.160 governs civil procedure for Washington district courts and applies to a party's action to recover a debt in such a court. See RCW 12.04.020. Bean's motion for summary judgment was heard in superior court. Thus, RCW 12.04.160 did not apply. Accordingly, the trial court was not required to wait one hour, or even the 20 minutes it did wait, for Muñoz to appear. Indeed, Muñoz offers no proof that she would have been in attendance if the hearing commenced 40 minutes later than it did. Instead, she claims that she could not attend due to illness. Consequently, the trial court did not err by conducting the summary judgment hearing without Muñoz present.

## D

Muñoz next contends that the trial court erred by considering Muñoz's motion to shorten time, motion for a continuance, and Bean's motion for summary judgment in reverse order. This is so, she asserts, because her filings were improperly listed on the court's docket. We disagree.

Muñoz cites no authority holding that a reversed order of the filings on the court's docket constitutes reversible error. The order of the filings is

---

[15] Muñoz further asserts that the trial court applied a "double standard" by allowing Winstanley (who she contends is a non-attorney of record) to represent Bean at the summary judgment hearing but proceeding without Muñoz. This contention is unavailing. "'[T]he law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.'" In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)). Muñoz elected to represent herself in this matter. Therefore, she was required to appear at the hearing. Accordingly, the trial court did not apply a "double standard."

27

inconsequential. There is no indication that the trial court was aware of, or considered, the order of the filings in making its rulings at the hearing. Moreover, the trial court did, in fact, consider the motions in Muñoz's desired order. First, the trial court granted Muñoz's motion to shorten time in order to consider Muñoz's motion for a continuance. The trial court next denied her motion for a continuance because Muñoz had not provided any medical evidence of her illness. The trial court finally considered, and granted, Bean's motion for summary judgment on the merits. Accordingly, the trial court correctly based its rulings on the pleadings, not on the order of the filings listed in the docket. Therefore, no entitlement to appellate relief has been shown.

VI

Bean contends that he is entitled to an award of attorney fees and costs on appeal. This is so, he asserts, because Muñoz has repeatedly violated the Rules of Appellate Procedure and has filed a frivolous appeal. While it is so that Muñoz's appeal is devoid of merit, we do not believe that sanctions are warranted.

"RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action." Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hearings Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010) (citing Reid v. Dalton, 124 Wn. App. 113, 128, 100 P.3d 349 (2004)). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal

is so devoid of merit that there is no possibility of reversal." Advocates for Responsible Dev., 170 Wn.2d at 580 (citing Tiffany Family Trust Corp. v. City of Kent, 155 Wn.2d 225, 241, 119 P.3d 325 (2005)). In determining whether an appeal is frivolous, the record is considered as a whole, and all doubts are resolved in favor of the appellant. In re Marriage of Lee, 176 Wn. App. 678, 692, 310 P.3d 845 (2013).

The issues raised by Muñoz on appeal are, indeed, devoid of merit. Moreover, it is so that Muñoz has continuously violated our rules and failed to cite to applicable legal authority supporting her contentions on appeal. However, considering the record as a whole, we decline to order sanctions for two reasons.

First, it is true that pro se litigants are generally held to the same rules of procedure as are attorneys. See Patterson v. Superintendent of Pub. Instruction, 76 Wn. App. 666, 671, 887 P.2d 411 (1994) (citing In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993)). However, Muñoz's pro se status is a circumstance of this case and should be considered by us in determining whether sanctions are appropriate.

Second, Muñoz had no notice that sanctions pursuant to RAP 18.9(a) were a likely possibility on appeal. The trial court, denying a similar request for sanctions pursuant to RCW 4.84.185 and CR 11, stated that, "[a]lthough plaintiff's lawsuit lacked merit, it did not rise to the level of being a frivolous lawsuit." While we are not bound by the trial court's decision on the matter, the trial court's ruling (and its tendency to inform Muñoz that an appeal would not amount to a frivolous undertaking) is likewise a circumstance that this court

should consider. Muñoz's pro se status throughout these proceedings, in conjunction with the lack of notice that appellate sanctions were probable (based on the trial judge's evaluation), support the conclusion that this appeal was not filed in bad faith or for the sole purpose of delay. Because all doubts must be resolved in favor of the appellant, Bean's request for an award of sanctions is denied. See In re Marriage of Lee, 176 Wn. App. at 692.

Affirmed.

We concur: