138 P.3d 608 (2006)
Mike G. VAN DINTER and Sheryl Ann Van Dinter, husband and wife, Appellants,
v.
Joseph M. ORR and Lori L. Orr, husband and wife, each individually and the marital community; First American Title Company of Spokane, a Washington corporation; First American Title Insurance Company, a foreign corporation; First American Corporation, a foreign corporation, Respondents.
No. 77635-1.
Supreme Court of Washington, En Banc.
Considered July 7, 2006.
Decided July 13, 2006.
Nicholas D. Kovarik, Kevin W. Roberts, Dunn & Black PS, Spokane, for Petitioner/Appellants.
John Degnan Munding, Attorney at Law, Stephen Frank Backman, Attorney at Law, Spokane, for Appellee/Respondents.
PER CURIAM.
¶ 1 We consider whether the seller of an unimproved lot had a duty to disclose whether a capital facilities rate could be imposed upon the property if developed. Concluding that no such duty existed under the circumstances, we reverse the Court of Appeals decision on this point.
¶ 2 Joseph and Lori Orr owned an unimproved lot on East Sprague Avenue in Spokane County. In 1999 the county enacted an ordinance authorizing the construction of a sewer system along East Sprague Avenue and financed the project through a capital facilities rate that would be added to a ratepayer's monthly sewer bill for a period of 20 years. The sewer construction was completed in 2001. Shortly afterward, the Orrs listed their vacant land for sale, noting that the *609 land had a sewer system available. Mike and Sheryl Ann Van Dinter bought the property and filed a statutory warranty deed from the Orrs on January 22, 2003. The Van Dinters and their lender, American West Bank, both obtained title insurance from First American Title Insurance of Spokane.
 3 The Van Dinters began constructing an automobile dealership on the vacant property. The county sent the Van Dinters a letter notifying them that the capital facilities rate imposed upon a business under the 1999 ordinance would be based on the amount of water used by the business. The letter stated that a residential unit would pay $4,685 over the 20-year period and that businesses would be charged one residential unit for each 900 cubic feet of water used per month. The letter expressly stated that it was not a bill, but rather offered the property owner an opportunity to question the county's rate computation and informed the property owner that he or she could prepay the rate. The county concluded that the Van Dinters' capital facility rate would amount to $10,775.50 over the 20-year period.
¶ 4 The county issued a sewer inspection report on September 3, 2003, after the Van Dinters finished connecting to the county's sewer system. Sometime in October, after receiving their first bill including the monthly capital facilities rate, the Van Dinters submitted a claim to First American, alleging that the rate constituted an undisclosed encumbrance. First American denied the claim. Shortly thereafter, the Van Dinters' lender, American West, assigned its rights under the First American policy to the Van Dinters. They filed suit on March 22, 2004, against the Orrs and First American, claiming that First American breached the insurance contract, that the Orrs negligently misrepresented the property, and that the Orrs breached the statutory warranty deed by failing to disclose that the property was encumbered by the capital facilities rate.
¶ 5 Both sides moved for summary judgment. The trial court granted summary judgment to the Orrs and First American, ruling that the rate did not constitute an encumbrance on the property and that the Orrs did not misrepresent the property. The Van Dinters appealed. The Court of Appeals concluded that the rate did not constitute an encumbrance, but reversed the trial court's summary judgment ruling on the negligent misrepresentation claim, holding that the Orrs had a duty to disclose the existence of the possible capital facilities rate.
¶ 6 The Van Dinters filed a petition for review and the Orrs sought review of that portion of the Court of Appeals decision reviving the negligent misrepresentation claim. We deny review of the Van Dinters' petition and grant review of the issue raised in the Orrs' answer.
¶ 7 This court has adopted the elements of negligent misrepresentation set forth by the RESTATEMENT (SECOND) OF TORTS:
One who, in the course of his business, profession or employment,... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
RESTATEMENT (SECOND) OF TORTS § 552(1) (1977); see Havens v. C & D Plastics, Inc., 124 Wash.2d 158, 180, 876 P.2d 435 (1994). To establish a claim, a plaintiff must show that the defendant negligently supplied false information the defendant knew, or should have known, would guide the plaintiff in making a business decision, and that the plaintiff justifiably relied on the false information. In addition, the plaintiff must show that the false information was the proximate cause of the claimed damages. Lawyers Title Ins. Corp. v. Baik, 147 Wash.2d 536, 545, 55 P.3d 619 (2002). The proof of such a claim must be clear, cogent, and convincing. Havens, 124 Wash.2d at 180, 876 P.2d 435.
¶ 8 In their complaint, the Van Dinters claimed that the Orrs represented that "no amounts were owed as to the property and that no encumbrances existed." Clerk's Papers at 6. And the Van Dinters alleged that the Orrs knew the representation was false and would affect the real estate sale. But the Orrs did not misrepresent the property. *610 No amounts were owing on the property, since the county did not impose a capital facility rate on unimproved property. And the trial court correctly concluded that the capital facility rate does not constitute an encumbrance on property unless the ratepayer fails to pay his or her sewer bill and the county files a lien on the property. The Orrs did not provide false information or misrepresent existing facts.
¶ 9 The Court of Appeals recognized that the Orrs did not misrepresent the property by stating that a sewer system was available. But the court then concluded that they may have misrepresented the existence of the capital facilities rate by not disclosing it. If a party has a duty to disclose information, the failure to do so can constitute negligent misrepresentation. Colonial Imports, Inc. v. Carlton N.W., Inc., 121 Wash.2d 726, 731-32, 853 P.2d 913 (1993); Richland Sch. Dist. v. Mabton Sch. Dist., 111 Wash.App. 377, 385, 45 P.3d 580 (2002). According to the Court of Appeals, the Orrs had a duty to disclose the rate, and whether they were aware of the rate was a material question of fact. We disagree.
¶ 10 First, the Van Dinters did not argue this theory of negligent misrepresentation in the trial court or the Court of Appeals. "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12. And even had the Van Dinters raised this theory, the Orrs had no duty to disclose that a capital facilities rate could be imposed on the property if the buyer developed the property.
¶ 11 The duty to disclose in a business transaction arises if imposed by a fiduciary relationship or other similar relationship of trust or confidence or if necessary to prevent a partial or ambiguous statement of facts from being misleading. Colonial Imports, 121 Wash.2d at 731, 853 P.2d 913. In Colonial Imports this court endorsed the notion that the duty arises when the facts are peculiarly within the knowledge of one person and could not be readily obtained by the other; or where, by the lack of business experience of one of the parties, the other takes advantage of the situation by remaining silent. Id. at 732, 853 P.2d 913. And the court quoted with approval from a Court of Appeals decision suggesting that the duty to disclose arises where there is a quasi-fiduciary relationship, where a special relationship of confidence and trust had developed between the parties, where a party relies on the specialized and superior knowledge of the other party, where a party has a statutory duty to disclose, or where a seller knows a material fact that is not easily discoverable by the buyer. Id. No such special relationship existed between the Van Dinters and the Orrs. The Van Dinters admitted that they knew the sewer system had been recently constructed. They could easily have discovered that if they were to develop the property, a capital facilities rate would apply depending on the type of development.
¶ 12 The Orrs were entitled to dismissal of the negligent misrepresentation claim on summary judgment. We reverse the Court of Appeals on this point, and reinstate the trial court's order dismissing the Van Dinters' complaint on summary judgment.