N.R. SMITH, Circuit Judge,
concurring in part and dissenting in part:
I only write to address the negligent misrepresentation by omission claim. This claim was insufficiently pleaded in the hospital’s original complaint. However, amendment of this claim would not be futile, because the hospital’s proposed amendments allege sufficient facts to state a claim. Accordingly, the district court abused its discretion in denying leave to amend and dismissing this claim with prejudice. See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir.2008). Otherwise, the majority “got it right.”
Under Washington law, a plaintiff may state a negligent misrepresentation by omission claim based on a duty to disclose where disclosure is “necessary to prevent a partial or ambiguous statement of facts *773 from being misleading.” Van Dinter v. Orr, 157 Wash.2d 329, 138 P.3d 608, 610 (2006).[1] First, the district court improperly conflated the question of whether the disclosure of the self-insured retention was necessary to prevent a partial or ambiguous statement of fact with whether information about the self-insured retention was easily obtainable. These are distinct theories under which a plaintiff may allege a duty to disclose, one does not preclude the other. See id.
Second, in noting that disclosure of the $5 million limit of liability was not a partial or ambiguous statement, the district court misconstrued the nature of the hospital’s claim. The hospital’s negligent representation by omission claim alleges that the $1 million self-insured retention should have been disclosed on the face of the insurance certificate (not that the $5 million liability limit was somehow erroneous). Specifically, the hospital alleges that, because the self-insured retention was added to the policy by an endorsement, it should have been disclosed in the space designated for “Exclusions Added by Endorsement/Special Provisions.” See also Kyrkos v. St. Farm Mut. Auto. Ins. Co., 121 Wash.2d 669, 852 P.2d 1078, 1081 (1993) (describing self-insured retention provision as an “exclusion”). The hospital further alleges that this omission “violated industry standards and misrepresented the coverage offered under the Lexington policy by failing to indicate the self-insured retention which was, under the terms of the policy, an ‘exclusion added by endorsement’ and/or a ‘special provision.’ ”
I am mindful of the broad disclaimers contained on the front and back of the certificate. While the disclaimers indicate that there are applicable terms and conditions not found on the insurance certificate, the disclaimers do not suggest that a holder of the certificate cannot assume the accuracy of the standardized information that is provided (e.g., the existence of an insurance policy, the stated amount of liability coverage). The same should be true where space for a standardized term is left blank. For example, if the “Automobile Liability” box is blank, the holder of the certificate would assume the covered party has no automobile liability insurance.
As the majority notes, an insurance certificate and its corresponding limited disclosure space surely cannot be expected to list every term and condition of every policy. See Mem. Dispo. at 7. However, where the form standardizes the information to be disclosed and a standardized disclosure is omitted, it seems plausible that this type of partial or ambiguous statement of fact could become misleading. The majority rejects the hospital’s use of this theory based on the assumption that the insurance certificate “has no column in which to include retention or deductible amounts.” Mem. Dispo. at 10-11. If, however, the industry practice is to include the amount of a self-insured retention in the space designated for “Exclusions Added by Endorsement/Special Provisions,” then the majority’s assumption is incorrect.
Therefore, a factual question exists at this stage of the proceedings regarding whether industry standards mandate that a $1 million self-insured retention added by endorsement should appear in the space designated for “Exclusions Added by *774 Endorsement/Special Provisions.” Because the hospital so alleges in its proposed amended allegations, and because factual allegations are to be taken as true at the motion to dismiss stage, I would allow the hospital to proceed on its negligent misrepresentation by omission claim under this theory.
Of course, if Defendants can show that industry practice is to the contrary (i.e., this box is not used in such a manner, or a self-insured retention is never so disclosed), then the hospital’s claim may not survive summary judgment. At this early stage, however, the hospital need only provide plausible factual allegations, not evidence to prove the merits of its claim. See Twombly, 550 U.S. at 570, 127 S.Ct. 1955.
The district court dismissed the bad faith, Consumer Protection Act, statutory claims, and the independent duty doctrine claim as a result of its holding that the hospital failed to allege a negligent misrepresentation claim. Because I find that the negligent misrepresentation by omission claim would be sufficiently pleaded as amended, I would allow amendment and remand consideration of these claims to the district.court for further proceedings. On remand, the district court could also address standing in the first instance.

. Although the district court cited the "clear, cogent, and convincing” evidentiary standard for negligent misrepresentation claims, I note that the proper question for resolving a motion to dismiss is whether the hospital alleged sufficient facts to state a claim plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).