# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| BONNIE JEAN ALVAREZ, | ) | No. 74601-4-I |
|  | ) |  |
| Plaintiff, | ) | DIVISION ONE |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ALLSTATE INSURANCE COMPANY, a | ) |  |
| foreign entity licensed to sell insurance in | ) |  |
| Washington; ALLSTATE INDEMNITY | ) |  |
| COMPANY, a foreign entity licensed to | ) |  |
| sell insurance in Washington, | ) |  |
|  | ) |  |
| Defendants, | ) |  |
|  | ) |  |
| RICK WATHEN, a citizen of Washington; | ) | UNPUBLISHED |
| and COLE WATHEN LEID & HALL, | ) |  |
| P.C., a domestic entity, | ) | FILED: April 24, 2017 |
|  | ) |  |
| Respondents, | ) |  |
|  | ) |  |
| and | ) |  |
|  | ) |  |
| JENNA LABOURR; YOUNG-JI HAM; | ) |  |
| MARSHALL CASEY; and MATTHEW | ) |  |
| SHEA, | ) |  |
|  | ) |  |
| Appellants. | ) |  |
|  | ) |  |

Cox, J. – A superior court judge imposed CR 11 sanctions against Jenna Labourr, Young-Ji Ham, Marshall Casey, and Matthew Shea (collectively, "Counsel"), jointly and severally, for their actions in connection with this case.[1]

---

[1] Clerk's Papers at 505.

They claim on appeal that the trial court abused its discretion in doing so. We disagree and affirm.

The facts are not materially in dispute. In December 2013, Bonnie Alvarez reported to her insurer, Allstate Insurance Company, that someone had stolen her van. Allstate opened claim files under her automobile and renter's policies of insurance with the company.

Allstate began an investigation of her claim. This included a company representative taking Alvarez's recorded statement. She was also asked to submit documentation to support her claim.

Allstate eventually retained Rick Wathen of Cole Wathen Leid & Hall P.C. (collectively, "Wathen") to conduct an examination under oath of Alvarez. By letter dated May 6, 2014 on firm letterhead, Wathen contacted Alvarez to advise that it represented Allstate. The letter further requested her "examination under oath pursuant to the terms and conditions of *the policy and Washington state statute*."[2] This letter set a time and place for examination. It further requested that she provide certain documentation supporting her claim. Finally, it stated that Allstate required full and complete compliance with the terms and conditions of its policy.

Alvarez was not then represented by an attorney.

Alvarez did not appear for this scheduled examination. By letter dated May 30, 2014 on firm letterhead, Wathen agreed to reschedule Alvarez's

---

[2] Id. at 35 (emphasis added).

examination for June 4, 2014. This letter repeated Allstate's admonition that it required full and complete compliance with the terms and conditions of its policy.

She was still not then represented by an attorney.

Alvarez again failed to appear for the requested examination under oath. By letter dated June 4, 2014, Wathen rescheduled her examination for June 11, 2014.

By letter dated June 9, 2014, Jenna Labourr advised Wathen that she represented Alvarez. Among other matters stated in this letter, she requested Wathen to direct further communications to her.

This record does not show any further written communications from Wathen to Alvarez. But it shows further communications between the respective attorneys for the parties.

Alvarez ultimately sat for the examination under oath on July 30, 2014. This record does not indicate that anything material to the disputes before us occurred at that examination.

Allstate denied Alvarez's claim in October 2014.

Alvarez sued Allstate and Wathen in November 2014. In her First Amended Complaint for Damages, she asserted multiple claims against Allstate based on its denial of her claim of loss under her renter's and automobile policies with the company. The only two substantive claims against Wathen were for negligent misrepresentation and violation of the Consumer Protection Act. Counsel signed this amended complaint.

The trial court granted Wathen's summary judgment motion dismissing Alvarez's two substantive claims against Wathen. The court also imposed CR 11 sanctions against Counsel.[3] In a later order, the court set the amount of sanctions at $14,445.

Counsel later withdrew from representing Alvarez in June 2015. In September 2015, Alvarez stipulated to dismissal with prejudice of her claims against Wathen and Allstate.

Counsel and their respective law firms—M. Casey Law, PLLC and Washington Injury Lawyers, PLLC—appeal.[4]

We first note that the summary judgment dismissing Alvarez's claims against Wathen is not at issue on appeal. Likewise, the dismissal of Alvarez's claims against Allstate is not at issue.

The primary issue on appeal is whether the trial court abused its discretion in imposing sanctions against Counsel. We focus first on that issue.

## CR 11 SANCTIONS

On appeal, Counsel argue that the trial court abused its discretion in imposing CR 11 sanctions against them. Specifically, they argue the two substantive claims against Wathen had a good faith basis in law and fact.[5] They

---

[3] We note that the sanctions order expressly identifies the four individual attorneys who then represented Alvarez as the persons sanctioned. There is no mention of their respective law firms in this or any other order. Clerk's Papers at 929.

[4] Id. at 923.

[5] Brief of Appellants at 29-39.

also argue that the procedure by which the trial court imposed sanctions was erroneous and unfair. We disagree with each of these arguments.

We first address whether the trial court abused its discretion by imposing CR 11 sanctions on Counsel for asserting the two substantive claims against Wathen. We hold that it did not abuse its discretion in this respect.

Under CR 11(a):

> The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading . . . and that to the best of the party's or attorney's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; [and] (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law* . . . . If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which *may* include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.[6]
>
> . . . .

This rule requires that attorneys not submit "baseless" filings.[7] A filing is baseless when it is either not "well grounded in fact" or not "warranted by existing law or a good faith argument" for its alteration.[8]

---

[6] (Emphasis added.)

[7] Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992).

[8] CR 11.

5

A filing is not sanctionable merely because it is baseless. As the words of the rule make plain, the trial court must also find that the filing attorney failed to "conduct a *reasonable inquiry* into [its] factual and legal bas[es]."[9]

CR 11 is "not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," or else "wrongs would go uncompensated."[10] It also is not meant to act as a fee shifting mechanism.[11]

The party seeking CR 11 sanctions bears the burden to prove they are appropriate.[12]

We review for abuse of discretion the trial court's imposition of sanctions.[13] A court abuses its discretion when it makes a decision for untenable reasons or on untenable grounds.[14]

We may affirm on any ground supported by the record.[15]

A careful review of the record on appeal shows that the trial court concluded that the two claims Counsel asserted on behalf of Alvarez against Wathen were factually and legally baseless. They are the negligent

---

[9] Bryant, 119 Wn.2d at 220.

[10] Id. at 219.

[11] Id. (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1363-64 (9th Cir. 1990)).

[12] Biggs v. Vail, 124 Wn.2d 193, 202, 876 P.2d 448 (1994).

[13] Id. at 197.

[14] Wade's Eastside Gun Shop, Inc. v. Dep't of Labor and Indus., 185 Wn.2d 270, 277, 372 P.3d 97 (2016).

[15] Wash. Fed. Sav. & Loan Ass'n v. Alsager, 165 Wn. App. 10, 14, 266 P.3d 905 (2011).

misrepresentation and Consumer Protection Act (CPA) claims, which we now address.

*Negligent Misrepresentation Claim*

Counsel argue that the negligent misrepresentation claim is well-grounded in fact. We hold otherwise.

To make out a claim for negligent misrepresentation, a plaintiff must show that the defendant negligently supplied false information the defendant knew to be false, in order to induce the plaintiff into taking action.[16] The plaintiff must show she reasonably relied to her detriment on that information.[17]

Here, the claim for negligent misrepresentation was not well-grounded in fact. The substance of this claim rests exclusively on three letters Wathen wrote to Alvarez in May and June 2014 regarding the request for and scheduling of her examination under oath following her insurance claim.[18]

The first letter, dated May 6, is on Wathen's law firm letterhead. It states that Wathen "represents [Allstate] regarding" Alvarez's claim. It then states that Allstate "is requesting [Alvarez's] examination under oath pursuant to the terms and conditions of *the policy and Washington state statute*."[19]

The letter further states the date, time, and location of the scheduled examination. It also requests the production of documents supporting her claim.

---

[16] Van Dinter v. Orr, 157 Wn.2d 329, 333, 138 P.3d 608 (2006).

[17] Id.

[18] Clerk's Papers at 308-10.

[19] Id. at 35 (emphasis added).

This letter further states that Allstate requires compliance with the terms and conditions of the policy. Lastly, it states that it reserves all of its rights and defenses to the policy.

First, we note that this record lacks any evidence that Alvarez reasonably and detrimentally relied on anything stated in this first letter. The trial court noted this during oral argument below and we agree. Likewise, there is no evidence that she reasonably and detrimentally relied on any omission from this letter. These evidentiary shortcomings are fatal to her burden to prove this necessary element of her negligent misrepresentation claim.

Second, an objective reading of this letter fails to show that Wathen supplied materially false information to Alvarez. Without such information, another necessary element of the negligent misrepresentation claim that she had the burden to prove is missing.

In November 2014, Counsel responded to Wathen's notice that it would seek CR 11 sanctions for the claims against it in this action. In that letter, Counsel explained the basis for including Wathen in the lawsuit on the misrepresentation claim:

> Interestingly, your first letter to Ms. Alvarez only included the claim number assigned to the auto policy and you represented to her that the policy applicable to such a claim contained an EUO provision and that the EUO would be conducted according to the provisions of that policy under that claim number alone. Statements were made by other individuals in communications subsequent to your initial letter to her that referenced both the renter's and auto policies and, all of a sudden, your correspondence shifted to include statements about the renter's insurance policy having EUO

8

requirements. We believe those actions are enough evidence to move under this independent duty.[20]

Counsel's explanation omits material information about what this first Wathen letter actually states. The letter based the request for an examination under oath both on "the policy *and Washington state statute*."[21] There can be no legitimate dispute that RCW 48.18.460, the relevant statute, allows "insurers [to] require that the person be examined under an oath" under appropriate circumstances. There is also no legitimate dispute that one of the two policies at issue in this case expressly states this right of Allstate. That the other policy under which her claim was also processed does not contain such a provision is of no material significance that we see. The statutory right is not conditioned on what an individual policy either says or fails to say about this right.

Notably, there is absolutely no evidence in this record that Alvarez reasonably and detrimentally relied on the absence of language in the renter's insurance policy specifically mentioned in Wathen's letter to her. Absent such evidence, there is no factual basis in this letter to assert a negligent misrepresentation claim against Wathen.

On appeal, Counsel do not directly address the language in the three letters on which the negligent misrepresentation claim is based.[22] Likewise, they do not address the absence of evidence that Alvarez relied to her detriment on

---

[20] Id. at 355.

[21] Id. (emphasis added).

[22] Brief of Appellants at 38-39.

anything stated in this letter, a necessary element of her claim. Why the absence of a specific policy provision concerning examinations under oath in one of the two policies under which the claim was processed should make a difference is also not satisfactorily explained.

In sum, this first letter does not provide factual support for the negligent misrepresentation claim against Wathen. For these reasons, the negligent misrepresentation claim, to the extent it depends on this letter to Alvarez, lacks factual support.

We next examine Wathen's May 30 letter to Alvarez. It memorializes an apparent conversation between Alvarez and a legal assistant working for the law firm. Alvarez apparently informed the assistant that she was unable to attend the scheduled examination under oath that morning. The letter reschedules the examination for June 4.

We see nothing in this second letter to show that Wathen provided false information on which Alvarez reasonably relied to her detriment. Likewise, we see nothing in the briefing on appeal to support an argument that this letter provides a factual basis for the negligent misrepresentation claim.

The June 4 letter is the final stated basis for the negligent misrepresentation claim against Wathen. It states that Alvarez contacted Wathen's office on the morning of the rescheduled examination under oath and said that she would not be able to attend. At her request, the examination was postponed to June 11, 2014.

An apparent focus of the negligent misrepresentation claim is the following excerpt from this letter:

> Please be advised that you have an obligation under Washington law to submit to an examination under oath. Moreover, your failure to submit to an examination under oath may preclude coverage under your policy of insurance. <u>Downey v. State Farm Fire & Cas. Co.</u>, 266 F.3d 365 (2001).[23]

We see nothing false in the statement contained in the first sentence of this paragraph. Counsel do not argue otherwise on appeal. The statute and policy provision to which we previously referred in this opinion provide the legal basis for the request for an examination under oath of Alvarez.

The claim appears centered on the citation to the federal case in the second sentence of this paragraph. Rick Wathen conceded at oral argument on the sanctions motion that he cited the wrong case.

But, again, there is no evidence in this record that Alvarez reasonably relied to her detriment on this incorrect citation to this federal case. This citation, which Wathen agreed was incorrect at oral argument before the trial court, simply does not provide a factual basis for the negligent misrepresentation claim. On appeal, Counsel do not persuasively argue otherwise.

The absence of a factual basis in any of these three letters for making the negligent misrepresentation claim makes this claim baseless. But we address the next questions: whether the claim is either "warranted by existing law or a

---

[23] Clerk's Papers at 40.

good faith argument" for its alternation.[24] We hold that this claim is not so warranted.

Notably, Counsel does not cite any authority for alteration of the existing law on negligent misrepresentation. So, there is no need for us to explore any further this question.

We are left with the question whether existing law supports this claim. We conclude that existing law does not. Whether this negligent misrepresentation claim is warranted by existing law depends on the existing elements of such a claim. Counsel correctly states these elements in briefing on appeal.

On this record, there simply is no showing that Wathen supplied to Alvarez false information and that she reasonably relied to her detriment on that information. She must prove these two elements under existing law. This claim simply does not pass muster based on these existing elements. For these reasons, we conclude that this is also a baseless filing because existing law simply does not support this claim.

The next question is whether Counsel "failed to conduct a *reasonable inquiry* into the factual and legal bas[es]" for the negligent misrepresentation claim against Wathen.[25] We hold that Counsel failed to do so.

We evaluate the reasonableness of an attorney's inquiry objectively, based on the relevant circumstances.[26] That evaluation focuses on "what was

---

[24] CR 11.

[25] Bryant, 119 Wn.2d at 220.

[26] Id.

reasonable to believe at the time the pleading, motion[,] or legal memorandum was submitted."[27]  In essence, we ask "whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified."[28]  We may look to the complexity of legal issues, the attorney's reliance on their client for information, and the facts available to the attorney at the time of filing.[29]

Wathen argues that the trial court could not consider certain declarations Counsel filed after commencement of this action in order to show their reasonable inquiry.  Wathen focuses on the timing and source of these declarations.  We need not address these arguments.

We conclude, rather, based upon the standard discussed above, that Counsel's prefiling inquiry was not objectively reasonable.  The three letters on which this claim is based could not have led to the conclusion that this negligent misrepresentation claim was either factually or legally justified.  Significantly, Counsel could not show that Alvarez reasonably and detrimentally relied on anything in these three letters.  Had she so relied, Counsel could have obtained a declaration from her stating so.  But there is no such declaration in this record.

In any event, colloquy between court and Counsel during oral argument below also illustrates the lack of prefiling reasonable inquiry for this claim.

---

[27] Id.

[28] Id.

[29] Id. at 221.

We conclude, on the basis of the negligent misrepresentation claim alone, that the trial court properly imposed CR 11 sanctions on Counsel for making, on behalf of Alvarez, the negligent misrepresentation claim against Wathen. This claim is not well-grounded in fact. And neither existing law nor a good faith argument for its alteration supports the claim. Finally, a reasonable inquiry under these circumstances would not have shown this claim was either factually or legally justified.

### CPA Claim

The trial court also based sanctions against Counsel on their CPA claim against Wathen. This was not an abuse of its discretion in doing so.

The same standards that we already discussed in this opinion apply here to our review of the imposition of CR 11 sanctions for making this claim. A filing must be "baseless."[30] That is, it must either be not "well grounded in fact" or not "warranted by existing law or a good faith argument" for its alteration.[31]

A failure to "conduct a *reasonable inquiry* into the [claim's] factual and legal bas[es]" is also required.[32] We consider objectively "what was reasonable to believe at the time the pleading, motion[,] or legal memorandum was submitted."[33]

---

[30] Id. at 219.

[31] CR 11.

[32] Bryant, 119 Wn.2d 220.

[33] Id.

14

To make out a claim under the CPA, a party must show, among other elements, that his opponent engaged in an act or practice occurring in trade or commerce that was unfair or deceptive.[34]

Here, the threshold question is whether the CPA filing was well-grounded in fact. We conclude that it was not.

Below, Counsel argued that Wathen "did three wrongful acts," two of which "sound[ed] purely under the CPA."[35] Counsel further argued that the third set of acts "sounds in both the CPA and the tort of negligent misrepresentation."[36]

Of the two "pure" CPA-based claims, the primary was that Wathen allegedly "obtain[s] their clients and their business benefits by communicating to insurance companies that they will assist in denying claims."[37] The briefing below and colloquy of counsel at oral argument to the trial court clarified the specifics of this claim.

But this claim lacks evidence in the record. For example, Counsel asserted below that Wathen "promise[s] to improperly blend their fiduciary duties to the insurance company with their good faith duties to the insured to assist in denying claims in order to benefit their business."[38] This serious allegation is

---

[34] Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784, 719 P.2d 531 (1986).

[35] Clerk's Papers at 308.

[36] Id.

[37] Id. at 309.

[38] Id.

unsupported by any evidence in the record. Counsel point to Wathen's website to support their claim, but nothing there does so. And we see nothing else in this record to support the claim, as it was argued below.

The record shows that Wathen ultimately conducted an examination under oath of Alvarez. But Counsel fail to point to anything improper in Wathen's conduct during or after that examination that would support the claim of improper blending of duties. Surely, this would have been the place to substantiate the claim that Wathen was improperly using Allstate's right to an examination under oath. But there is no such evidence in this record.

Likewise, there is no evidence that Wathen improperly participated in Allstate's decision to deny this insurance claim.

Counsel eventually withdrew from representing Alvarez. So, we will never know if any evidence supported the CPA claim based on the allegedly wrongful acts of Wathen. What is important, though, is that the record now before us is devoid of any evidence to substantiate this CPA-based claim. It is baseless.

The other "pure" CPA-based claim is that Wathen "performed portions of the insurance transaction, incurring and later breaching their statutory duty of good faith, and assisted Allstate in breaching its quasi-fiduciary duty to Plaintiff."[39] This, too, is without any factual support in this record.

Counsel argued below that this claim was based on Wathen advising Alvarez before she was represented that she must submit to an examination under oath. We have already discussed why Allstate had a statutory right to

---

[39] Id. at 308.

request such an examination. We also noted that one of the two relevant policies expressly states this right. Yet, there is no persuasive explanation why Wathen's communications in these three letters provide a factual basis for a CPA claim.

On appeal, Counsel do not provide any further argument why this assertion below is well-grounded in fact. We assume there is no basis for concluding so.

The third set of acts on which the CPA claim was allegedly based concern the three letters Wathen sent to Alvarez. They attempted to schedule an examination under oath, which eventually occurred. We have already discussed why these letters do not well-ground in fact the negligent misrepresentation claim. We reach a similar conclusion for the CPA claim.

The assertion below was that Allstate stated that it:

> had an *unqualified right* to an EUO under the automobile policy and that, based upon a 7th circuit federal case, Allstate could deny coverage based upon Ms. Alvarez's refusal to submit to the EUO. Both of these statements are patently false.[40]

An objective reading of the three letters, from which we have liberally quoted in prior portions of this opinion, does not show a factual basis in them for the CPA claim. The term "unqualified right" does not appear anywhere in the three letters. Notably, there is nothing in this record from Alvarez showing that she inferred such a right being asserted in Wathen's letter. And an objective reading of the letters does not support such an implication by Wathen.

---

[40] Id. at 310 (emphasis added).

We have already discussed in this opinion the reference to the 7th circuit federal case. Again, there is nothing in this record from Alvarez to show she was affected by this incorrect citation to a federal case.

In sum, Counsel's characterization of these letters does not comport with an objective reading of them. The CPA claim, to the extent based on these three letters, is baseless because it is not well-grounded in fact.

Another question is whether the CPA claim is warranted by existing law. We conclude that it is not.

In Short v. Demopolis, the state supreme court considered a case involving a former client's CPA counterclaim against his former law firm's suit for unpaid fees.[41] Among the court's observations in that case was that "there is no statutory exemption for lawyers" in the CPA.[42] Rather, the court observed that the "entrepreneurial aspects of legal practice—how the price of legal services is determined, billed, and collected and *the way a law firm obtains, retains, and dismisses clients*" are business aspects of the legal profession.[43] According to the court, these are properly subject to the CPA.

Here, Alvarez was not similarly situated to Demopolis, the former law firm client in that case. She was not the object of any of Wathen's entrepreneurial efforts to obtain or retain clients. The allegations in the complaint that Counsel

---

[41] 103 Wn.2d 52, 53, 691 P.2d 163 (1984).

[42] Id. at 61.

[43] Id. (emphasis added).

framed were that Wathen's entrepreneurial efforts were directed to Allstate and other insurance companies, not her.

Thus, Demopolis does not provide support for the argument that this CPA claim is warranted by existing law.

On appeal, Counsel do not argue otherwise. And we do not read any of the cases on which Counsel rely on appeal to support the conclusion that the CPA claim against Wathen is warranted by existing law.

In short, this CPA claim is neither factually justified nor warranted by existing law.

Counsel argued below and on appeal that this claim is warranted by a good faith argument for altering existing law. They primarily rely on Cedell v. Farmers Insurance Company of Washington[44] in doing so. Because there is no factual basis for this CPA claim, we need not address whether Cedell supports a good faith argument for altering existing law. Accordingly, we express no opinion on that question.

The final question for this CPA claim is whether Counsel's prefiling inquiry was objectively reasonable. We conclude that it was not.

There simply is no factual basis for this CPA claim, as we have explained in our discussion in the prior portion of this opinion. There is no evidence, either in the briefing below or on appeal, to support this claim. And the colloquy between Counsel and the trial court also shows a failure to make prefiling a reasonable inquiry for this claim.

_____

[44] 176 Wn.2d 686, 295 P.3d 239 (2013).

Accordingly, we conclude that the trial court properly imposed CR 11 sanctions on Counsel for making, on behalf of Alvarez, the CPA claim against Wathen. This claim is not well-grounded in fact. And it is not supported by existing law. A reasonable inquiry would have shown this. Because there is no factual basis for this claim, we need not address whether this claim is legally supported by a good faith argument for alteration of existing law.

Counsel do not challenge the amount of the sanctions imposed. Accordingly, we need not address that question.

As we noted earlier in this opinion, the trial court expressly imposed sanctions against the four individual attorneys in this case. There is nothing either in the oral decision of the trial court or its subsequent written order that also imposes sanctions on the respective law firms of these four attorneys. Accordingly, this decision affirms the trial court order, as written.

### Procedural Challenges

Counsel argue that they were not given fair notice of the alleged CR 11 violations. Specifically, they argue that the trial court "in large part" based its sanctions order on Wathen's reply memorandum. We hold that the trial court did not abuse its discretion in how it conducted the sanctions hearing.

The imposition of CR 11 sanctions must "comport with the due process requirements of timely and adequate notice."[45] Thus, "[a] party seeking CR 11

---

[45] Bryant, 119 Wn.2d at 229.

sanctions should . . . give notice to the court and the offending party promptly upon discovering a basis for doing so."[46]

Here, Rick Wathen notified Counsel by letter dated November 25, 2014 that he considered the negligent misrepresentation and CPA claims improper and why. He also advised he would seek CR 11 sanctions. He renewed this notice by letter dated January 6, 2015. Counsel do not claim this notice, given twice prior to Wathen moving for CR 11 sanctions, was inadequate.

Rather, Counsel argue that Wathen's opening motion did not contain all arguments to support it. As the trial court aptly stated during the oral argument on the motion, once CR 11 was put at issue by the motion, Counsel should have been prepared to meet all arguments arising from it. Having carefully reviewed this record, we conclude the trial court did not abuse its discretion in considering all arguments made at the hearing. Counsel have failed to show any prejudice by this discretionary decision by the trial court.

Counsel also argue that the trial court abused its discretion in refusing to consider declarations it submitted in its motion for reconsideration of sanctions. Not so.

---

[46] Id. at 224.

We review for abuse of discretion the trial court's denial of a motion for reconsideration.[47] We also review for abuse of discretion the trial court's decision to not consider evidence.[48]

That Counsel obtained declarations from others regarding the reasonableness of their inquiry is not dispositive. It is unclear from our review that any declaration focuses on whether inquiry was reasonable under the circumstances for the negligent misrepresentation claim when filed. If so, the trial court was not required to accept such declarations as dispositive. Rather, it was for the court to make that determination.

As for the inquiry concerning the CPA claim, the trial court was not required to accept the declarations as dispositive. Again, it was for the court to decide whether the inquiry was reasonable under all the circumstances of the case.

There was no abuse of discretion in rejecting the declarations supporting Counsel's motion for reconsideration.

Lastly, Counsel argue that the trial court failed to enter written findings identifying the actions or arguments that violate CR 11. They also argue that the trial court failed to find that Counsel failed to conduct a reasonable prefiling inquiry. We hold that the absence of written findings in this case did not prejudice Counsel.

---

[47] River House Dev. Inc. v. Integrus Architecture, P.S., 167 Wn. App. 221, 231, 272 P.3d 289 (2012).

[48] State v. Gresham, 173 Wn.2d 405, 419, 269 P.3d 207 (2012).

A court imposing CR 11 sanctions must "specify the sanctionable conduct in its order. The court must make a finding that either the claim is *not* grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts."[49]

Further, this court has previously explained that "[w]ithout relevant findings" as to an attorney's prefiling inquiry, "there can be no objective evaluation of the reasonableness of the attorney's prefiling conduct."[50] In Doe v. Spokane and Inland Empire Blood Bank, this court declined to speculate on an attorney's prefiling conduct when the record was silent on the matter.[51]

Here, the question is whether the court's oral decision is sufficient for this court to understand the basis for its decision without accompanying written findings. For example, this court has noted in other contexts that the absence of written findings is "'harmless where the trial court's oral findings are sufficient to permit appellate review.'"[52]

Here, the trial court's oral decision is sufficient for our review. This is particularly so in view of the trial court's later written order.

---

[49] Biggs, 124 Wn.2d at 201.

[50] Doe v. Spokane and Inland Empire Blood Bank, 55 Wn. App. 106, 111-112, 780 P.2d 853 (1989).

[51] 55 Wn. App. 106, 111-12, 780 P.2d 853 (1989).

[52] State v. Riley, 69 Wn. App. 349, 353, 848 P.2d 1288 (1993) (quoting State v. Smith, 67 Wn. App. 81, 87, 834 P.2d 26 (1992)).

First, the trial court made very clear the offending conduct in its oral ruling. It explained at length why the CPA claim and the claim for negligent misrepresentation were legally and factually without support.

Second, although the trial court did not expressly state the reason for the inadequacy of Counsel's inquiry, the record is clear. We discussed why earlier in this opinion.

In sum, there is no prejudice to Counsel based on the lack of written findings of fact and conclusions of law on this record.

## RAP 18.9(a) SANCTIONS

Wathen argue that this court should impose sanctions on appeal based on RAP 18.9(a). We hold that sanctions are not warranted and decline to impose them.

RAP 18.9(a) permits this court to impose sanctions on a party that files a frivolous appeal. An appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal. All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant.[53] An appeal is frivolous when it cannot be supported by any rational argument, not merely because it is unsuccessful.[54]

---

[53] Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).

[54] Rhinehart v. Seattle Times, 59 Wn. App. 332, 340, 798 P.2d 1155 (1990).

Here, Wathen argues this appeal is frivolous and in furtherance of unspecified "wrongful conduct" of Counsel. Wathen fails to meet the burden of showing that the issues on appeal were not debatable and so totally devoid of merit that there is no reasonable possibility of reversal. Accordingly, sanctions are inappropriate under RAP 18.9(a).

We affirm the orders imposing CR 11 sanctions and setting the amount of these sanctions. We deny Wathen's request for RAP 18.9(a) sanctions.

_Cox, J._

WE CONCUR:

_Dwyer, J._          _Becker, J._